IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD MCDOUGALL, trustee,<br><br>    Plaintiffs,<br><br>    v.<br><br>BARBARA L. DAVIDSON, KAREN DAVIDSON HEIER, and GAIL DAVIDSON HAYES,<br><br>    Defendants. | 06 C 6979<br><br>Judge George W. Lindberg |

**MEMORANDUM OPINION AND ORDER**

Defendants Barbara L. Davidson ("Davidson"), Karen Davidson Heier ("Heier"), and Gail Davidson Hayes ("Hayes") have moved pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Eastern District of Michigan. For the reasons stated below, the motion is denied.

Plaintiffs are Central States, Southeast and Southwest Areas Pension Fund ("Fund"), and its trustee, Howard McDougall. According to the complaint, defendants each owned or controlled stock in Howard Davidson Lumber Company ("Davidson Lumber"), a Michigan corporation that was required to make contributions to the Fund pursuant to a collective bargaining agreement. In addition, Davidson owned, controlled, and operated unincorporated trades or businesses that, with Davidson Lumber, constituted the "employer" for purposes of assessing withdrawal liability under the Employee Retirement Income Security Act, 29 U.S.C. § 1381 ("ERISA").

On June 11, 2002, Davidson Lumber redeemed the stock owned by Heier and Hayes for a

total of $540,086. According to the complaint, Heier and Hayes did not provide reasonably equivalent value to Davidson Lumber in exchange for these stock transfers. Plaintiffs contend that the purpose of the transfers was to avoid paying withdrawal liability to the Fund.

The complaint alleges that on September 27, 2003, Davidson Lumber and Davidson's unincorporated trade or business effected a complete withdrawal from the Fund within the meaning of ERISA, and incurred withdrawal liability to the Fund. On June 16, 2005, a judgment for withdrawal liability was entered against Davidson Lumber in a lawsuit filed in the Northern District of Illinois. Davidson Lumber has failed to satisfy the judgment. Plaintiffs' complaint in this action seeks payment of $299,002.37 in withdrawal liability from defendants under ERISA.

A district court may transfer a civil action to any other district where the case otherwise might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The movant bears the burden of establishing that the transferee forum is clearly more convenient. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). In an ERISA case such as this, the plaintiff's choice of venue is given substantial deference, and the court will not disturb it unless it is clearly outweighed by other factors. Central States, S.E. & S.W. Areas Pension Fund v. Lewis & Michael, Inc., 992 F. Supp. 1046, 1048 (N.D. Ill. 1998).

The parties agree that venue is proper in both this district and in the Eastern District of Michigan. Therefore, the court turns to the question of whether transfer to the Eastern District of Michigan would be so much more convenient for the parties and witnesses as to clearly outweigh the substantial deference given to plaintiffs' choice of venue. Factors relevant to this inquiry include the location of material events, the residence of the parties; the parties' abilities

2

to bear the expense of a trial in a particular forum; and the relative ease of access to sources of proof in each forum, including the court's power to compel the appearances of unwilling witnesses at trial, and the cost of obtaining the attendance of witnesses. Moore v. AT & T Latin Am. Corp., 177 F. Supp. 2d 785, 789 (N.D. Ill. 2001). Plaintiffs do not dispute that most of the material events occurred in Michigan.

The court finds that the convenience of the parties does not favor transfer. It is well settled that it is not appropriate to transfer a case if doing so merely shifts the inconvenience from one party to another. Law Bulletin Publ'g Co. v. LRP Publ'ns, 992 F. Supp. 1014, 1019 (N.D. Ill. 1998). The plaintiff Fund is administered in the Northern District of Illinois. Although defendant Davidson is a Michigan resident, defendants Heier and Hayes are residents of Virginia and Arizona, respectively. Thus, transferring this case to the Eastern District of Michigan would merely shift the inconvenience from Davidson to plaintiffs, while not affecting the inconvenience to Heier and Hayes.

The court turns to the question of whether transfer would serve the convenience of the witnesses. Because it is assumed that witnesses under the control of the parties will appear voluntarily in either jurisdiction, the court focuses its attention on the location of the non-party witnesses. See Spherion Corp. v. Cincinnati Fin. Corp., 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002).

Defendants have identified three non-party witnesses who are Michigan residents and outside the power of this court's subpoena power: Howard Davidson, John Thomson, and James Forkner. However, defendants do not contend that Howard Davidson -- defendant Davidson's son and the president of Davidson Lumber -- would be unwilling to testify on his mother's

3

behalf. Thomson is the attorney for the Barbara Davidson and Joseph Davidson Trusts, which are not parties to this action; defendants state that Thomson would testify regarding the true ownership of Davidson Lumber. Forkner is defendant Davidson's accountant, and has knowledge of Davidson's financial affairs. The cost of traveling from Michigan to Chicago for trial would not be high. The court finds that the convenience of these non-party witnesses weighs slightly in favor of transfer.

Defendants contend that plaintiffs are better able to bear the expense of a trial in Michigan than it would be for defendants to litigate here because defendants are individuals and plaintiff is one of the largest health and welfare funds in the United States. However, the Fund is a not-for-profit entity whose litigation costs are borne by its participants and beneficiaries. Transferring an ERISA case away from the plaintiff fund's home forum will "increase a fund's litigation costs, dilute its pension assets and encourage employers to employ § 1404(a) as a means of evading their obligation to the fund." Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Brotherhood Labor Leasing, No. 93 C 1803, 1993 WL 385133, at *2 (N.D. Ill. Sept. 27, 1993). Although defendants may be individuals, it does not appear that the participants and beneficiaries of the Fund are better able to shoulder the cost of litigating this case in another venue.

Having weighed the convenience of the parties and witnesses, the court finds that these factors are not sufficient to warrant transfer to the Eastern District of Michigan.

Defendants argue that the interest of justice would be served by transfer of this action to the Eastern District of Michigan because a related action is already pending there. The Michigan case is a declaratory judgment action filed on February 27, 2006 against the Fund by Barbara

4

Davidson as trustee for the Barbara L. Davidson Living Trust and the Joseph H. Davidson Family Trust, along with the trusts and co-trustee Howard Davidson. The complaint in the Michigan action seeks a declaration that neither of the trusts is an "employer" under ERISA, and therefore that the trusts are not liable for the withdrawal liability assessed against Davidson Lumber.

In the interest of justice, the court should transfer "related litigation . . . to a forum where consolidation is feasible." Coffey, 796 F.2d at 221. However, the issues and parties in this action are not the same as the issues and parties in the Michigan action. Moreover, consolidation is unlikely, since discovery was scheduled to close in the Michigan action on February 28, 2007, while this case is in the earliest stages of litigation. The court finds that the existence of related litigation in the Eastern Division of Michigan does not favor transfer.

Indeed, the interest of justice weighs against transfer. Congress included venue provisions in ERISA that permit enforcement actions to be litigated where the fund is administered in order to promote the efficient collection of delinquent contributions, thereby protecting the integrity of the benefit plans. Lewis & Michael, Inc., 992 F. Supp. at 1049. Accordingly, public interest weighs heavily against transferring ERISA cases outside the plaintiff fund's home forum. Id.

Having carefully considered all of the relevant factors, the court finds that the convenience of the parties and witnesses, and the interest of justice do not outweigh the substantial deference to which plaintiffs' choice of forum is entitled.

**ORDERED:** Defendants' motion to transfer venue [11] is denied.

ENTER:

George W. Lindberg
Senior United States District Judge

DATED:     March 8, 2007